IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEMION C. WEXLER,<br><br>                Petitioner,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>                Respondent.[1] | Case No. 3:21-cv-00059-RRB |

## ORDER DENYING MOTION

Demion C. Wexler, representing himself from the Anchorage Correctional Complex, where he is housed as a pretrial detainee, filed a habeas petition under 28 U.S.C. § 2241, and an Application to Waive Prepayment of the $5.00 Filing Fee.[2]

The Court takes judicial notice[3] that, on April 6, 2021, the Chief Justice of the Supreme Court for the State of Alaska issued Special Order 8259, allowing for

---

[1] The proper respondent in a habeas proceeding is the petitioner's custodian, not a city or state government. *See, e.g., Rumsfield v. Padilla*, 542 U.S. 426, 434–36 (2004). But that issue need not be fully addressed in this dismissal.

[2] Dockets 1, 4; *Municipality of Anchorage v. Damion Charles Wexler*, Alaska District Court Case Nos. 3AN-19-02245CR, 3AN-20-03181CR.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact . . . ." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

"misdemeanor trials [to] resume on April 19, 2021."[4] The public record shows that Mr. Wexler has been charged with misdemeanors involving firearms and alcohol, as well as six additional charges for violating conditions of release, after being granted release on bail.[5]

After screening the Petition, as required by federal law,[6] the Court dismissed Mr. Wexler's case without prejudice,[7] so that Mr. Wexler may continue to make his arguments and assert appropriate claims in his state court proceedings and on appeal.[8] The Court explained that it only may address Mr. Wexler's speedy trial

---

[4] http://www.courts.alaska.gov/covid19/index.htm#socj, (Special Order of the Chief Justice No. 8259 at 1-2) ("The continuation of this suspension will be reviewed on or shortly after April 30, 2021. For all criminal cases, the period of delay from March 16, 2020 through July 31, 2021 is excluded in computing the time for trial under Alaska Criminal Rule 45(d)."); *see also State v. Baker*, 425 P.3d 210, 212 (Alaska Ct. App. 2018) ("Alaska Criminal Rule 45 governs a defendant's statutory right to a speedy trial under Alaska law.").

[5] *See* https://records.courts.alaska.gov/eaccess/searchresults, 3AN-19-02245CR, 3AN-20-03181CR.

[6] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The same procedural rules for 28 U.S.C. § 2254 and § 2255 govern 28 U.S.C. § 2241.

[7] Docket 5.

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (In conducting its review of a self-represented litigant's pleadings, a court must liberally construe the pleadings and give the petitioner the benefit of the doubt) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

claim after he fully exhausts the available state court remedies,[9] and upon a showing that this Court should not abstain from addressing his claims.[10]

The Order of Dismissal was issued on March 30, 2021, and on April 7, 2021, the Court received a Motion to Dismiss/Vacate Indictment from Mr. Wexler.[11] In that Motion, Mr. Wexler requests an "order dismissing . . . the [state] cases under Rule 48(b) of the Federal Rules of Criminal Procedure."[12] The Federal Rules, however, govern federal rather than state cases.[13] If Mr. Wexler wishes to move for dismissal of his state criminal charges, he must do that in his state cases, using

---

[9] *See, e.g., Stack v. Boyle,* 342 U.S. 1, 6-7 (1951) ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, . . . 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a speedy trial. . . . Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").

[10] *See Barker v. Wingo,* 407 U.S. 514, 530-31 (1972); *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003); *Page v. King,* 932 F.3d 898, 903 (9th Cir. 2019) (citing *Arevalo v. Hennessy*, 882 F.3d 763, 766-67 (9th Cir. 2018)).

[11] Dockets 5, 7.

[12] Docket 7 at 2.

[13] *See* Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States.").

state rules.[14] He may also, in those cases, make arguments under federal constitutional law, as it applies to the states.[15]

Mr. Wexler requests "a compassionate dismissal" of the state charges against him.[16] But as explained in the Order of Dismissal,[17] federal courts do not order that state charges be dismissed.[18]

The Court may only address Mr. Wexler's speedy trial claim upon a showing that this Court should not abstain from addressing his claim, and after he fully exhausts his available state court remedies.[19]

---

[14] *See* AK R RCRP 1 ("These rules govern the practice and procedure in the superior court in all criminal proceedings and, insofar as they are applicable, the practice and procedure in all other courts in criminal proceedings.").

[15] *See, e.g., State v. Wright,* 404 P.3d 166, 170 (Alaska 2017) (reviewing speedy trial claim under *Barker v. Wingo*, *supra*).

[16] Docket 7 at 3.

[17] Docket 5.

[18] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial.") (citation omitted); *compare United States v. Olsen*, No. SACR 17-00076-CJC, 2020 WL 6145206, at *1 (C.D. Cal. Oct. 14, 2020) ("Because the Central District denied Mr. Olsen a public and speedy trial under the Sixth Amendment, this Court now must dismiss the [federal] indictment against him."), *appeal filed* 11/13/20, 9th Cir. No. 20-50329, 2020 WL 6145206.

[19] *See, e.g., Stack*, 342 U.S. at 6-7 ("While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, . . . 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.") (citation omitted); *Webb v. Simpson,* Case No. 3:19-CV-5561-BHS-DWC, 2020 WL 589818 at *1 (W.D. Wash. Jan. 6, 2020) (slip op.) ("Petitioner alleges his constitutional rights are being violated, including violations of his right to be free from excessive bail and his right to a

Accordingly, **IT IS HEREBY ORDERED:**

1. The Motion at Docket 7 is DENIED.

2. This case is CLOSED.

Dated at Anchorage, Alaska this 14th day of April, 2021.

_/s/ Ralph R. Beistline_
RALPH R. BEISTLINE
Senior United States District Judge

---

speedy trial. . . . Petitioner has not shown there is an absence of available state corrective processes or that circumstances exist rendering any state process ineffective.").